

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ross Doughty, Jr.
County Attorney
Uvalde County
Uvalde, Texas

Dear Sir:

O-1296

Opinion No. O-1296
Re: Authority of Tax Assessor
to receive and issue a
receipt for fractional
payment of taxes assessed
against one tract of land
by owners of undivided
interest therein.

By your letter of August 18, 1939, you submit for the opinion of this Department the following inquiry and supporting fact situation, which we quote from your letter:

"Mr. B. E. Willis, Tax Collector of Uvalde County, has requested that I advise him with reference to a tax problem which is confronting him. After a diligent search I have not been able to satisfy myself and will therefore appreciate your advice and recommendations. Stated briefly, the question is: 'Can the owner of an undivided interest in a tract of land pay the taxes owing against such undivided interest where the taxpayer never rendered such interest but throughout the years the property has been rendered and carried on the rolls in the name of an estate?'

"A more detailed history of the facts may be outlined as follows:

"The property in question is a two-story brick store building located in the City of Uvalde, and delinquent taxes are owing to the State and County for the years 1931 through 1938. The property was rendered each year by L. K. Smyth for the J. G. Smyth Estate. The property was community property at the time of the death of J. G.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL.

Smyth in 1922, and by the terms of his will and the terms of the will of his wife (Mrs. E. B. Smyth), who died several years after her husband, title became vested in fifteen different heirs, with the interest of the different owners varying from 4/126ths to 16/126ths. The executors of the J. G. and Mrs. E. B. Smyth Estates recently executed deeds to the heirs evidencing their respective interests. Two of the heirs are now able to pay their proportionate part of the delinquent taxes and have requested a receipt. In other words, one of the heirs of J. G. and E. B. Smyth desires to pay 16/126ths of the total taxes and another heir 7/126ths, the fraction in each instance being the entire interest of the taxpayer in and to the property.

"The question now is: 'Does our local Tax Collector have the right and authority to issue receipts to these two taxpayers for the payment of their fractional portions of the taxes owing?'"

By your letter of August 30, 1939, supplementary to the above letter, you point out the following additional facts that are pertinent to this question:

"In an effort to make my letter to you more easily understood I supplement the same with the following facts:

"J. G. Smyth died June 8, 1915, after which the executors of his estate executed deeds to various individual owners; his wife, Epsie Belle Smyth, died prior to August, 1930, whereupon, her executors executed a deed of partition in that year, that is in 1930. Thereafter, from 1931 through 1938, the property was rendered by L. M. Smyth as J. G. Smyth Estate, although neither the estate of J. G. Smyth nor his wife Epsie Belle's estate had any interest in the property as it had all been divided among the heirs, and none of the taxes accrued while either of these two estates had any interest in the property.

"My letter to you stated a partition deed had 'recently' been executed while in fact it was executed in 1930 as above stated. Stated briefly, the question is: 'Can the owner of an undivided interest in a tract of land pay the taxes owing against such undivided interest where the taxpayer never rendered such interest but throughout

the years the property has been rendered and carried on
the tax rolls in the name of an estate, although, the
owner of the undivided interest had a recorded deed to
his undivided interest and the estate in the name of
which it (the whole property) was rendered had no inter-
est in the property?' The owners of the undivided
interest never rendered their interest."

We think it may be premised that in Texas taxes are assessed
upon individuals by reason of their ownership of property rather than
upon the real estate itself, regardless of ownership.  The statutes
governing the assessment and collection of taxes so indicate, Article
7151, Revised Civil Statutes, providing, in this connection, as fol-
lows:

"All property shall be listed for taxation between
January 1st and April 30th of each year, when required
by the assessor, with reference to the quantity held or
owned on the first day of January in the year for which
this property is required to be listed or rendered.  Any
property purchased or acquired on the 1st day of January
shall be listed by or for the person purchasing or ac-
quiring it." (Underscoring ours)

Article 7152, Revised Civil Statutes, provides for the
listing or rendition of property for taxation, either by the owner
(subdivision 1) or by his agent or attorney (subdivision 2).  Article
7171, Revised Civil Statutes, provides that "All real property sub-
ject to taxation shall be assessed to the owners thereof in the
manner herein provided," and Article 7172, Revised Civil Statutes,
provides that "All taxes upon real property shall be a lien upon
such property until the same shall have been paid."  This last
statute is merely declaratory of Article 8, Section 15, Constitution
of Texas, providing that "the annual assessment made upon landed
property shall be a special lien thereon."

We think this review of the statutes controlling the
assessment of taxes upon real estate in Texas, carries conviction
that such assessment is to and against the owner of realty rather
than, as in some jurisdictions, merely against the real estate
itself, regardless of ownership.  Of course, we do not mean to say
by this that the constitutional and statutory tax lien upon realty
does not follow the property regardless of subsequent ownership,
but we merely make the point here that ad valorem taxes are assess-
able to and payable by the owner of such property as of January 1st
of any given year, and the lien arises from such assessment.

With this in view it becomes necessary to determine, from the facts submitted, just who was the owner of the real property in question during the years 1931 to 1938, when the taxes accrued. We think all right, title, interest and estate in and to the two-story brick store building in the City of Uvalde vested in the devisees under the last will and testament of J. G. Smyth and his wife, Epsie Belle Smyth, who died respectively in 1915 and 1930. By reason of the probate of these wills and the exchange and re-cording of partition deeds by and between the devisees thereunder, all prior to the assessment and accrual of the taxes involved in the instant case we say that taxes for each of such years should have been listed and rendered by the various devisees, as owners, or upon their failure to do this, by the tax assessor in accordance with the foregoing statutes.

We recognize that Article 7152 (6), Revised Civil Statutes, provides that the property of a deceased person shall be listed and rendered for taxation by the executor or administrator of such estate, but this has no application here because neither the estate of J. G. Smyth nor that of his wife, Epsie Belle Smyth, held the property in question during the years 1931-1938. These two estates had been long closed, and title to the property had vested in the various beneficiaries of such estate as above outlined. It is generally held that land which has been devised may and must be assessed to the devisees and not to the heirs or the estate of de-cedent. State v. New England Box Co., 102 N. E. 949; Talbot v. Inhabitants of Wesley, 100 A. 937; Tobin v. Gillespie, 85 N. E. 88; Fowler v. Campbell, 59 N. W. 185.

But the fact that the property in question was mistakenly listed and rendered for taxation by L. M. Smyth in the name of J. G. Smyth Estate will not vitiate or in any manner affect the assessment of this property for taxes during the years 1931-1938, because Article 7171, Revised Civil Statutes, provides that: "no assessment of real property shall be considered illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof." Turning upon this statute, it was held in the case of Young, et al vs. City of Marshall, 199 S. W. 1160, that an improper assessment against property in the name of a deceased person was valid as against subsequent purchasers from the heirs.

Having determined that the assessment of taxes involved here is not invalid despite the fact that it was erroneously made in the name of an estate which had no interest therein, rather than in the name of the various devisee-owners thereof, and bearing in mind the concept of ad valorem taxation in Texas as being assessable to the owner of property as of the 1st day of January of any given year, we pass now to a consideration of the effect of the undivided nature of the ownership involved here upon the question presented.

Hon. Ross Doughty, Jr., Page 5

If the respective undivided interests of the various devisees in and to the property in question, had been separately assessed, then the right to pay only taxes accruing during the years 1931-1938 against their respective undivided interest would have been clear under the principle of law announced in Richie v. Moore, 249 S. W. 272 and other cases. The Supreme Court, in the case cited, held that an owner or his assigns who had separately rendered and valued eight parcels of land for taxation, was entitled to compel the tax collector to accept, and issue a receipt for, the taxes on any one parcel, since the lien attached, under the present Constitution and laws, against each lot separately valued and assessed, for the amount of taxes on that lot alone. While this case involved ownership of the entire fee of a tract rather than undivided interests therein, we think, in principle, the owner of an undivided interest in land which has been separately rendered and assessed, would be entitled to pay taxes on that interest alone and not be required to pay on the entire tract.

But in the case before us the taxpayer is asserting a right to pay such part of the delinquent taxes for the years 1931-1938 upon the real property involved, as his undivided interest therein bears to the whole tract, without having such tax assessed against his undivided interest but rather assessed upon the whole tract. Until the enactment of House Bill No. 440, p. 237, Regular Session, 42nd Legislature, amendatory of Article 7272, Revised Civil Statutes, we are of the opinion that this could not be done. However, it appears that the Legislature recognized this contingency of separate and unpartitioned interests in a tract of land, rendered and assessed as a whole, by the addition to Article 7272, Revised Civil Statutes, of the following language:

". . . provided, however, that any person, including a lienholder, having an interest in property against which there are taxes which has been included in an assessment with other property may pay the proportionate part of the taxes against his property without being required to pay any other taxes included in the assessment. If the parties at interest cannot agree with the Tax Collector upon the amount of taxes to be apportioned to each piece of property then the Commissioners' Court shall make a fair apportionment of the taxes, and the payment of the taxes on a part of the property according to such apportionment will relieve it from liability for the payment of any of the other taxes included in the assessment; and further providing, however, that the provision herein, whereby the taxes against a

piece of property may be apportioned, shall apply to taxes due any district, municipality or other subdivision of the State, and in the event the parties at interest cannot agree to an apportionment of the taxes then the Board of Commissioners having authority over the assessment and equalization of such taxes, shall make the apportionment in the manner herein provided."

We think the language of the foregoing statute is broad enough to include undivided interests in property included in one rendition and assessment as well separate or partitioned tracts or parcels therein, so as to be applicable to the instant case and allow any owner of an undivided interest in property to pay his proportionate part of the total taxes thereon.

But we wish to stress the fact that this would not be our holding if the undivided interest in this tract or parcel of real estate had been acquired subsequent to the year in which the assessment was made upon the whole tract and the taxes accrued thereon, and consequently this opinion presents no conflict with opinion O-928 by this Department, directed to you. Where an interest in real estate, whether undivided or in severalty is acquired subsequently to the assessment of the entire tract of which such interest is a part, Article 7272, as amended, Revised Civil Statutes, is not applicable and no right exists in the holder of such interest to pay his fractional or proportionate part of the taxes assessed against the whole tract. This question is fully discussed in Opinion No. O-928.

The instant opinion is supported by the opinion of this Department of date, December 3, 1931, by then Assistant Attorney General F. O. McKinsey to Honorable Geo. H. Sheppard, Comptroller of Public Accounts, copy of which we enclose for your convenience.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED SEP 30, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN